## School District of Coal Township v. Bogdan

Before Fortney, P. J., and Troutman, J.

*Vincent V. Rovito* and *Carl Rice*, for plaintiff.

*Richard H. Klein* and *John McI. Smith*, for defendant.

PER CURIAM, August 5, 1952.—This matter is now before the court on exceptions filed by defendant to the findings of fact, conclusions of law and order of this court refusing to strike from the record a judgment entered by plaintiff on a certificate of liability pursuant to section 41 of the Act of May 25, 1945, P. L. 1050, 72 PS §5511.41. Following the entry of the certificate of liability by the school district on August 11,

1947, defendant, on September 4, 1947, presented his petition for appeal and gave bond on the appeal as required by law. An answer was filed by the school district on October 14, 1947. On March 2, 1948, counsel for both parties filed an agreement whereby a jury trial in the case was waived and the issue raised by petition and answer be submitted to the court without a jury. Testimony was taken before the court without a jury. After the testimony was transcribed, the trial judge made repeated requests of counsel that they submit requests for findings of fact and conclusions of law and argue the same, without success. No further effort was made to bring the present case to a conclusion until other counsel, representing the tax collector's bonding company, caused their appearance to be entered in behalf of the tax collector and a new solicitor was elected by the school board.

On April 23, 1951, defendant presented what was called a supplemental petition to allow the appeal and open the judgment, asking for a rule on the Board of Directors of the School District of Coal Township to show cause why this court should not enter an order declaring that plaintiff acted illegally in demanding that defendant collect 1946-47 per capita school taxes from the persons whose names were listed in two certain bound volumes known as "Additional Lists" and to the extent that any alleged liability under the certificate filed in this case is based on defendant's failure to collect the per capita school taxes from the persons so listed, declaring the certificate utterly void and of no effect.

A rule was granted as prayed for and served upon plaintiff. It was agreed that the court dispose of the legal question raised by the supplemental petition preliminary to the disposition of the entire case. On November 9, 1951, the trial judge filed an opinion in

which the rule was made absolute and relief granted to defendant substantially in the manner requested by him. In its order, the court fixed a time for the taking of testimony to determine the amount of credit to be allowed defendant against the judgment entered upon the certificate of liability due to the inclusion of such additional names.

Subsequently, on November 30, 1951, defendant filed a second supplemental petition to allow an appeal, reserving his original appeal and first supplemental petition, praying that a rule be issued to plaintiff to show cause why an order should not be made by this court striking off the certificate of liability and judgment entered thereon from the record for the reason that the record shows that Bogdan had complied fully with the First Class Township Law of June 24, 1931, P. L. 1206, as amended by the Act of May 25, 1939, P. L. 186, sec. 1, 53 PS §19092-801. A rule was granted and an answer was filed by plaintiff to the second supplemental petition and the matter was submitted to the trial judge on petition and answer.

The trial judge on May 9, 1952, dismissed the second supplemental petition, discharged the rule and refused to strike the judgment in question from the record. On May 26, 1952, defendant filed 21 exceptions to the findings of fact, conclusions of law and order of court.

The sole and only question raised by the second supplemental petition is whether or not defendant was discharged from all liability for the collection of per capita taxes for the year 1946 by filing with the school district a record of those which remained uncollected. In support of the rule, defendant contends that the Act of May 25, 1939, P. L. 186, governs the liability of the tax collector in this case and that by filing a list of uncollected taxes in the school district office, defendant was relieved of all liability for the collection of the

taxes and that, therefore, there was no legal basis for the entry of a certificate of liability on the part of the school district.

The entire question raised by the second supplemental petition is whether or not the Act of May 25, 1939, P. L. 186, which is an amendment to the Township Code of June 24, 1931, P. L. 1206, section 801, governs the liability of the tax collector in this case. All other findings of fact and conclusions of law are not relevant to the disposition of the pending rule. Defendant expressly reserved all questions of fact and law raised by the original petition for an appeal. Consequently, all findings of fact and conclusions of law dealing with the circumstances as to whether or not the collector and the school district made a settlement or what they did in relation thereto are not relevant to the solution of the present problem. This situation has evidently arisen because of the piecemeal way in which this case has been developed.

It is undisputed that the tax collector, through his clerk, delivered certain lists containing the names of individuals against whom per capita taxes had been assessed in the township, to a clerk in the office of the school district. According to the testimony, these lists were submitted by Bogdan for the purpose of obtaining exoneration thereon. The question then resolves itself as to whether or not the delivery of such lists to the office of the tax authority resulted in the discharge of defendant from any further liability for the collection of such taxes. Defendant relies solely on the provisions of section 801 of the First Class Township Law, as amended by the Act of May 25, 1939, P. L. 186. The sole question for the determination of this court is whether or not defendant made full settlement of his tax duplicate in respect to per capita taxes when the lists containing the uncollected taxes were filed by him in the school district office.

The solution of this question depends upon whether the discharge of the tax collector from liability for the collection of such per capita taxes was solely governed at that time by the provisions of the Act of May 25, 1939, P. L. 186, or notwithstanding that act, certain provisions of the Local Tax Collection Law of May 25, 1945, P. L. 1050, were likewise applicable.

The Local Tax Collection Law of May 25, 1945, P. L. 1050, 72 PS §5511.1 became effective on January 1, 1946, and was in full force and effect at the time the taxes involved in this case were levied and assessed and delivered to defendant for collection and was also in full force and effect in 1947 when the settlement of the tax duplicate was being considered. The term, "Tax Collector", as contained in the act, includes treasurers of first class townships in their capacity as collectors of taxes and the term "Taxing District," as used in the act includes townships of the first class as well as school districts of the third class. Plaintiff in this case is a third class school district coextensive with the Township of Coal, which is a township of the first class.

Section 4 of the Local Tax Collection Law of 1945, supra, provides in respect to bonds of tax collectors:

"(a) In . . . townships of the first class the treasurer, as tax collector for the various taxing districts, shall give bond secured and conditioned as provided by the laws relating to such . . . townships."

The law relating to the bond of a treasurer of a township of the first class is found in section 801 of the First Class Township Law of 1931, as amended. It is the only act defining the law as to the securing and conditioning of the bond of a tax collector in a township of the first class. The repealer section of the Local Tax Collection Act does not repeal section 801 of the First Class Township Law. At the time of the adoption of the Local Tax Collection Act of 1945, supra, section 801 of the First Class Township Law of 1931, supra,

as amended by the Act of June 5, 1937, P. L. 1736, and the Act of May 25, 1939, P. L. 186, was in full force and effect and that section provided for the type of bond to be furnished by the treasurer of the township and the discharge of the bond. Section 801, which bears the title, "Fidelity Bond," provides that the treasurer of each township shall give a fidelity and not a surety bond. It further provides that the township treasurer and his sureties shall be discharged from further liability on any bond as tax collector as soon as all tax items, contained in the duplicates delivered to him, are ". . . (4) in the case of occupation, poll and per capita taxes, a record of those which remain uncollected is filed with the tax authority."

Section 801 of the First Class Township Law provides for the type of bond to be furnished by the township treasurer and provides a method whereby the tax collector and his sureties may be discharged from any liability on the fidelity bond. This section does not purport to spell out all of the duties of a township treasurer either in respect to taxes levied by the township commissioners or in respect to taxes levied by school districts. This section makes no provision for the exoneration of taxes and even though the tax collector's bond may be discharged by the filing of a list of uncollected per capita taxes, there is no prohibition against holding the tax collector, himself, liable for his failure to collect the taxes contained in his duplicate.

Apparently, section 801 of the First Class Township Law of 1931 was amended by the Act of 1939, supra, in order to change the nature of the obligation of the township treasurer's bond. At one time, the tax collector was chargeable with every dollar which was contained in his duplicate. In order to grant relief from such a stringent interpretation, and no doubt at the request of surety companies, the legislature changed the nature of the bond to be furnished by the township

treasurer to a fidelity bond. It is hard to believe that the legislature intended to provide that all a tax collector need to do in the performance of his duties in respect to per capita taxes was to simply file a list of the uncollected taxes with the taxing authority. If that is the extent of the tax collector's obligation, it is quite possible that he would not need to collect any per capita taxes and simply file with the taxing authority all the per capita taxes as being uncollected.

It is likewise conceivable that a tax collector could exercise his duties as a collector with extreme partiality and, at his whim and fancy, decide to collect some taxes and forget about the others. In our opinion, the filing of a list of uncollected per capita taxes with the taxing authority under the provisions of the Act of 1939, supra, simply relieves the collector and his surety company from the obligation contained in the fidelity bond but does not result in a complete exoneration from all liability to collect his tax duplicate.

This is not an action on the treasurer's fidelity bond. If this were a proceeding on the obligation entered into either by defendant or his surety on the treasurer's bond, the argument that he was relieved from further obligation by filing a schedule of uncollected per capita taxes may be a good defense. The present action is based on a certificate of liability which is predicated on the proposition that defendant failed to perform his duties as the collector of school taxes of plaintiff school district in that he failed to collect per capita taxes, from the collection of which he was not relieved by exoneration or any appropriate action on the part of the taxing authority.

While we have been unable to find a case directly in point, we do believe that the case of Commonwealth ex rel. v. Schwing, Collector, 48 D. & C. 251, decided a somewhat analogous question in relation to the duties of a tax collector. In that case, a writ of mandamus

was issued against the city treasurer of the City of Johnstown, as tax collector of the city taxes, to compel defendant to collect certain delinquent personal taxes. Defendant denies that he had any duty under the Third Class City Law to collect delinquent personal taxes, that he and his sureties were discharged from liability for the personal taxes for the reason that he complied with certain sections of the Third Class City Law by filing with the taxing authority a list of the uncollected items of personal taxes. The obligation of the treasurer's bond has been changed by amendment into a fidelity bond and provided that he and his surety be discharged from liability on the bond upon the filing of a schedule of taxes which remained uncollected. The court held that the change in the obligation of the treasurer as tax collector and that of his surety did not in any wise alter the duties imposed upon the treasurer as tax collector by the former law.

The fact that section 22 of the First Class Township Code of May 27, 1949, P. L. 1955, amended section 801 by making it obligatory for the tax collector to take an oath or affirmation that he has complied with section 20 of the Local Tax Collection Law of 1945, is not indicative that prior to such amendment the tax collector had no obligation under the Tax Collection Act of 1945. What the amendment which became effective on January 1, 1950, now does is to make it a condition to the discharge of the tax collector and his sureties from liability on his fidelity bond that he take an oath or affirmation that he has complied with section 20 of the Local Tax Collection Law of 1945.

We are of the opinion that even though section 801 of the First Class Township Law of 1931, as amended, may provide a method of relieving the township treasurer from liability on his fidelity bond, it does not supersede all of the provisions of the Local Tax Collection Act of 1945 in respect to the duties of a township

treasurer when acting as the collector of school taxes. While section 801 of the First Class Township Law has not been repealed by the Tax Collection Act of 1945, nevertheless, the Tax Collection Act did repeal sections of the First Class Township Law (sections 1713-1719) and sections of the School Code of 1911, as amended (sections 545, 550(c) and 559) which dealt with exonerations of taxes for tax collectors.

The provisions of the Local Tax Collection Act of 1945 dealing with the exoneration of taxes take the place of the various provisions of the School Code and the First Class Township Code in respect to exonerations. In this case, defendant submitted the lists of uncollected taxes for the purpose of exonerations and, evidently, they were received by the school district for that purpose.

The theory upon which this case was tried was that the school board should have acted upon the exonerations before filing a certificate of liabilty. That this was the thought of defendant is clearly shown by the fact that a mandamus action was filed by him against the school district in this court to May term, 1951, no. 411, seeking to have the court compel the school district to act upon defendant's request for exoneration. From all the testimony in this case, the uncollected lists in question were never presented to the board by the tax collector for the purpose of being relieved from the obligation to collect such taxes by reason of the mere filing of the same but were presented for the purpose of having the board act upon them as it is legally obligated to do in the case of requests for exoneration.

We conclude that the mere filing of the lists of uncollected per capita taxes with the school district on the part of defendant did not discharge him from all liability to collect such taxes. Whether or not the school district had any authority to enter this certificate of

liability against defendant can only be determined by a consideration of all of the testimony and all of the issues raised by the original petition for appeal and for opening of the judgment. By discharging the rule issued on this second supplemental petition, we are holding that section 801 of the First Class Township Law of 1931, as amended, did not preclude the entry of the certificate of liability in this case. That is the narrow legal question which defendant has raised in his second supplemental petition. He expressly reserved all questions of fact and law raised in the original petition for appeal and in his first supplemental petition.

Since defendant's second supplemental petiton to allow an appeal and open the judgment and strike the judgment from the record raises only the single question as to whether or not he was relieved from all liability for the collection of the per capita taxes in question by reason of his filing the lists in the office of the school district, the findings of fact and conclusions of law of the trial judge and the requests for findings of fact and conclusions of law made by defendant are beyond the scope of the legal issue raised by defendant's second supplemental petition. The only question plaintiff was called upon to meet in the rule issued by the court in the second supplemental petition was whether or not the tax collector was relieved of all liability on account of the per capita taxes by virtue of the provisions of section 801 of the First Class Township Law, as amended. The findings of fact and conclusions of law in respect to exonerations and settlement were not pertinent to the inquiry raised in the petition.

Defendant's exceptions 7 to 21, inclusive, are taken to portions of the opinion and discussion of the trial judge. The court's opinion and discusion is not open

to specific exception and therefore these exceptions are overruled. Defendant's exceptions 1 to 6, inclusive, are made to the order, certain findings of fact and conclusions of law of the trial judge and inasmuch as we have determined that they are beyond the scope of the issue raised in the second supplemental petition, all of the findings of fact and conclusions of law are vacated and we make the following

### Findings of Fact

1. Anthony C. Bogdan, Treasurer of Coal Township, caused to be prepared and presented for exoneration and filed in the office of the School District of Coal Township, through his clerk in the tax office, prior to the regular meeting of the school board on June 20, 1947, a typewriten record of all per capita tax items contained in the duplicate delivered to him as township treasurer for the fiscal school year 1946-1947 which then remained uncollected.

2. The typewritten list containing the uncollected per capita tax items was filed with the school district for the purpose of exoneration.

### Conclusions of Law

1. The filing of the list of uncollected per capita school taxes for the year 1946-47 by defendant in the school district office did not preclude the entry of a certificate of liability in this case.

2. The rule granted Anthony C. Bogdan in his second supplemental petition is hereby discharged and the second supplemental petition dismissed.

### Order

And now, to wit, August 5, 1952, defendant's exceptions are hereby dismissed and the rule to show cause why the certificate of liability entered herein and the judgment entered thereon should not be stricken from the record is hereby discharged and defendant's

second supplemental petition to allow an appeal and open judgment is hereby dismissed. Counsel for both parties are hereby directed to appear before this court on Monday, August 25, 1952, at 10 a.m. for the purpose of fixing a time for the argument and presentation of requests for findings of fact and conclusions of law on the issues of law and fact raised in the original petition for an appeal and the opening of the judgment as well as on defendant's first supplemental petition to allow an appeal and open the judgment.